

115 Federal Street
Suite 210
Pittsburgh, PA 15212
412.322.9243
412.231.0246(f)

June 25, 2014

The Honorable Anita B. Brody
United States District Court Judge
United States District Court, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106-1712

      RE: Verma, et al. v. 3001 Castor, Inc., d/b/a The Penthouse Club and/or The Penthouse Club @ Philly, et al. (E.D. Pa. No. 2:13-CV-03034-AB)

Dear Judge Brody:

      This correspondence addresses the questions raised by Your Honor at the oral arguments hearing held in the above-referenced matter on June 24, 2014 as to whether the Court has original jurisdiction over the state law claims asserted in this litigation under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, and, if CAFA jurisdiction does not exist, whether the Court should exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367.

      CAFA confers federal jurisdiction over any class action if the claims of all plaintiffs, aggregated together, exceed five million dollars, and at least one plaintiff is diverse from at least one defendant. 28 U.S.C. § 1332(d). Plaintiff in this action has properly alleged CAFA jurisdiction. *See* Complaint ¶ 19 (asserting that "[t]his Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate").

      Moreover, the record evidence adduced in this matter supports the existence of CAFA jurisdiction. In response to Plaintiff's first set of written discovery requests, Defendant produced "performance contracts" for three hundred eighteen (318) of its dancers. When executing these contracts, Defendant's dancers were asked to provide proof of identification, including a Pennsylvania driver's license or identification card number or some other form of identification. Thirty-four (34) contracts failed to list state-specific identifying information. Among the two hundred eighty-four (284) contracts that did provide proof of identification associated with a specific state, one hundred and one (101) furnished information indicating residency outside of the Commonwealth of Pennsylvania. These contracts provided driver's license numbers issued

by various states, including, *inter alia*, New Jersey, New York, Delaware, Maryland, Virginia, and Florida.

Plaintiff notes that CAFA contains two mandatory exceptions from federal jurisdiction, §§ 1332(d)(4)(A) & (B). These two exceptions require a district court to decline jurisdiction when the controversy is uniquely local and does not reach into multiple states. Subsection (A), the "local controversy" exception, applies when at least one significant defendant and more than two-thirds of the members of the putative classes are local. Subsection (B), the "home-state" exception, applies when the primary defendants and at least two-thirds of the members of the putative classes are local. However, neither exception applies in the instant litigation because, as set forth above, less than two-thirds of the putative class members identified are Pennsylvania residents.

Thus, because Plaintiff has properly alleged the existence of CAFA jurisdiction, because it is clear that many members of the proposed class have a different citizenship from Defendant, a Pennsylvania corporation, and because neither the local controversy nor the home-state exceptions apply, this Court has original jurisdiction over all claims set forth in this action.

Siginificantly, in another case in which independent jurisdiction existed over the plaintiffs' claims under CAFA, the Third Circuit recently held that FLSA opt-in collective actions are not inherently incompatible with opt-out Rule 23 class actions based on parallel state laws. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (holding that federal jurisdiction over class actions asserting claims under state statutory wage and overtime laws paralleling the FLSA is not precluded, on an "inherent incompatibility" theory, by a separately filed opt-in collective action under the FLSA).

Given the existence of CAFA jurisdiction, the Court need not consider the propriety of exercising supplemental jurisdiction under 28 U.S.C. § 1367. Nevertheless, Plaintiff would be glad to supply the Court with comprehensive briefing on the question of supplemental jurisdiction to the extent that Your Honor deems consideration of the issue to be necessary. To the extent Your Honor would like additional briefing on the issue of CAFA jurisdiction, Plaintiff would be happy to supply that as well.

Thank you for the opportunity to bring the information set forth herein to the Court's attention.

                  Respectfully submitted,

                  */s/ Gary F. Lynch*

                  Gary F. Lynch