UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIYA VERMA, on behalf of herself and all others similarly situated, | ) ) ) ) Civil Action No.: 2:13-CV-03034-AB |
| Plaintiff, | ) ) |
| v. | ) ) |
| 3001 CASTOR, INC., d/b/a THE PENTHOUSE CLUB and/or THE PENTHOUSE CLUB @ PHILLY; ABCDE PENNSYLVANIA MANAGEMENT, LLC and DOE DEFENDANTS 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MOTION TO COMPEL DISCOVERY**

NOW COMES Plaintiff, Priya Verma ("Plaintiff"), by and through her undersigned counsel, pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure and Rule 26.1(g) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, and hereby respectfully moves this Court for an Order compelling Defendant 3001 Castor, Inc. d/b/a The Penthouse Club and/or The Penthouse Club @ Philly ("Defendant") to produce the following documents/information:

1. The cash register receipts, batch out information and other cash register printouts from the cash registers at Defendant's club;

2. The documentation created by Defendant's "Podium Hosts" which indicates which Dancers used the club's private dance rooms, how much money was received from such Dancers, etc.;

3. The documentation placed in Defendant's drop box along with the cash deposits;

1

4. Defendant's federal, state and local tax returns from 2010 to the present;

5. Mirror image copies of a) the hard drive from Defendant's desktop/laptop computers, including the desktop/laptop computer of any agent or employee of Defendant incident to the operation of the Defendant's club; and b) the data card of any cellular phone used by any agent or employee of Defendant incident to the operation of Defendant's club; and

6. All communications to Defendant regarding Defendant's obligation to preserve documents/information and other evidence potentially relevant to the claims made in this litigation.

In addition, Plaintiff respectfully moves this Court for an Order requiring Defendant to cease and desist from continuing to destroy any of the foregoing documentation or other tangible things which are potentially relevant to the claims in this lawsuit. In support of motion, Plaintiff states:

## INTRODUCTION

1. Through this Motion, Plaintiff seeks to compel Defendant's production of certain documents requested by Plaintiff in her First Set of Requests for Production of Documents and Second Set of Requests for Production of Documents, attached hereto as **Exhibit A** and **Exhibit B**, respectively. In response to an earlier Motion to Compel, Defendant represented, to both Plaintiff and this Court, that it was not in possession of the requested documents. Relying upon Defendant's representation, this Court denied Plaintiff's motion to compel, without prejudice, indicating that such motion could be renewed if discovery revealed the existence of the requested documents. (Dkt. No. 31.) At a subsequent deposition of Defendant's manager, Plaintiff learned not only that the requested documents do in fact exist, but also that a portion of such documents has been, and continues to be, willfully destroyed by Defendant, even subsequent to the

commencement of this litigation, subsequent to this Court's resolution of Plaintiff's previous Motion to Compel, and subsequent to Plaintiff's request that such destruction cease.

2.	In response to Plaintiff's Second Set of Requests for Production of Documents, Defendant failed to produce any records whatsoever, purportedly on the basis that "plaintiff and those she claims to represent are independent contractors." As a threshold matter, Defendant's objection is not well-founded. Moreover, in its Memorandum Opinion dated June 30, 2014, the Court ruled that "… the [D]ancers at the Defendant's club are employees, not independent contractors." (*See* Dkt. No. 45.)

3.	In light of Defendant's admitted destruction of relevant evidence in this case, and refusal to produce the above-listed documents, an Order compelling the immediate production of these records and the preservation of such information is essential.

## PROCEDURAL HISTORY

4.	On or about May 31, 2013, Plaintiff brought this collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (the "FLSA") on behalf of herself and other similarly situated Dancers whom Defendant has misclassified as "independent contractors" and, among other things, has failed to pay a minimum wage. Plaintiff also brought class claims under Pennsylvania state law pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

5.	On Thursday, September 26, 2013, Plaintiff served Defendant with her First Set of Interrogatories and Requests for Production of Documents. Plaintiff's First Set of Requests for Production of Documents consisted of 37 document requests, seeking records relevant to Plaintiff's employment status with Defendant, as well as documentation relevant to the propriety of collective and class certification. *See* Exhibit A.

6. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents were due on or before Monday, October 28, 2013.

7. On Tuesday, October 29, 2013, Defendant provided its Answers and Objections to Plaintiff's First Set of Interrogatories, a true and correct copy of which is attached hereto as **Exhibit C**; however, Defendant failed to provide any responses or objections whatsoever to Plaintiff's First Set of Requests for Production of Documents, stating only that "Responses to Plaintiff's Requests for Production of Documents will be forthcoming." *See* correspondence from Defendant's counsel to Plaintiff's counsel dated October 29, 2013, a true and correct copy of which is attached hereto as **Exhibit D**.

## PLAINTIFF'S FIRST MOTION TO COMPEL

8. After having conferred with defense counsel on numerous occasions to no avail, on or about December 10, 2013, Plaintiff's counsel filed a Motion to Compel Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents Directed to Defendant. (*See* Dkt. No. 24.)

9. In response to Plaintiff's Motion, on or about December 24, 2013, Defendant submitted its Responses to Plaintiff's First Set of Requests for Production of Documents. While Defendant provided copies of numerous "performance contracts" it had entered into with its Dancers, Defendant failed to provide any other documentation responsive to Plaintiff's document requests, claiming that no responsive documents exist. (*See* Dkt. No. 28.)

10. On or about January 21, 2014, a telephonic conference was held between the parties and this Court regarding Plaintiff's Motion to Compel. (*See* Dkt. Nos. 29-30.) During the conference, counsel for Defendant represented that Defendant was not in possession of any

additional documentation, beyond the previously produced performance contracts, responsive to Plaintiff's document requests.

11. Based upon the representations made by counsel for Defendant during the January 21, 2014 conference, by Order dated January 24, 2014, this Court denied Plaintiff's Motion to Compel "without prejudice to file a renewed motion if necessary." (See Dkt. No. 31.)

### THE DEPOSITION OF DEFENDANT'S MANAGER CONFIRMS THE EXISTENCE AND DESTRUCTION OF RESPONSIVE DOCUMENTS

12. On January 22, 2014, Plaintiff took the deposition of Defendant's manager, Brandon Silva.

13. At his January 22, 2014 deposition in this matter, Mr. Silva testified that Defendant has, both before and subsequent to the commencement of the above-captioned litigation, intentionally destroyed documentation which is directly relevant to the claims asserted by Plaintiff and responsive to Plaintiff's First Set of Requests for Production of Documents Directed to Defendant.

14. Specifically, Mr. Silva testified that each night, Defendant's podium hosts create a written record indicating which Dancers have made use of Defendant's private rooms to perform for customers, and also specifying the amount of time that each such Dancer performed private dances, as well as the amount of money received from customers for the same. (*See* Silva Deposition Transcript at 86-88.)[1] Mr. Silva testified that while the cash received by Defendant's podium hosts from Dancers for private dances "gets turned in," the written information indicating which Dancers performed private dances and for what length of time "gets discarded." (Silva Deposition Transcript at 88.)

15. In this regard, Mr. Silva further testified as follows:

---

[1] A true and correct copy of the relevant portions of Mr. Silva's January 22, 2014 deposition transcript is attached hereto as **Exhibit E**.

> Q: Okay, But you have the information at the end of every night to do the reconciliation between the cash you're given and how many – how many performances occurred in those rooms?
>
> A: Yes.
>
> Q: And then that's – and the podium host writes that information down?
>
> A: Yes.
>
> Q: Any you just take it literally, reconcile the cash amount and then just throw that away?
>
> A: It gets shredded.
>
> Q: Is that right?
>
> A: Yes.

(Silva Deposition Transcript at 90-91.)

> Q: -- and you have certain information that's given to you to reconcile whether you have the right amount of cash?
>
> A: Yes.
>
> Q: But once you use that information – even though it's written down, once you use that information, you discard that information and just put the cash and the amount that's supposed to be there in the drop box?
>
> A: Yes.

(Silva Deposition Transcript at 103.)

16. Mr. Silva also testified that the documents created by Defendant's podium hosts on a nightly basis are the only written record showing how many private dances are performed and by whom, and that Defendant's practice of destroying the written information showing the identity of Dancers performing for customers in Defendant's private rooms and the duration of time such performances lasted has continued subsequent to the filing of the instant litigation. (*See* Silva Deposition Transcript at 116 – "Q: Is there any other way they're recorded other than

the podium host writing it down?  A:  No.  Q:  And then you discard that information every night?  A:  Yes.  Q:  Do you continue to do that even since this lawsuit was filed?  A:  Yes.")

17. Mr. Silva further testified that Defendant also destroys documentation regarding "security deposits" that Dancers are required to pay Defendant in order to have their work privileges reinstated after they are in arrears vis-à-vis fees owed to Defendant for fines, stage rentals, etc.  (*See* Silva Deposition Transcript at 235.)

18. The documentation willfully destroyed by Defendant, even after this litigation was initiated, is directly relevant to the matters at issue in this case, and is responsive to Plaintiff's First Set of Requests for Production of Documents Nos. 5, 8, 16, 17, 25, 26 and 29.

19. Mr. Silva also testified that he personally created a written record about the amount and particular source of the cash he deposited nightly into Defendant's drop box safe.  (*See* Silva Deposition Transcript at 72-74, 296-97.)

20. Mr. Silva also testified that he gathers the cash register receipts and batch out information from each register at the club.  (*See id.*)

21. Finally, Mr. Silva testified that Defendant maintains at least one computer and one phone system which might contain information relevant to this lawsuit.  (*See* Silva Deposition Transcript at 117-118, 175-78, 297-98.)

## PLAINTIFF'S REPEATED ATTEMPTS TO CONFER

22. By correspondence dated April 1, 2014, counsel for Plaintiff requested that Defendant confirm its destruction of the above-referenced documentation, explain why such documentation was destroyed by Defendant subsequent to the filing of Plaintiff's Complaint in this matter, and produce any and all instructions received by Defendant concerning its obligation

to preserve all information and records potentially relevant to the instant lawsuit. A true and correct copy of Plaintiff's April 1, 2014 correspondence is attached hereto as **Exhibit F**.

23. By the same correspondence, counsel for Plaintiff further requested that Defendant immediately cease and desist from destroying any documentation or other tangible things which are directly responsive to Plaintiff's outstanding discovery requests or which are potentially relevant to the claims and defenses asserted in this litigation. *See* Exhibit F.

## PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

24. On March 3, 2014, Plaintiff served Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

25. Defendant's responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents Directed to Defendant were due on or before April 2, 2014.

26. Having received no response from Defendant regarding the issues raised by her letter of April 1, 2014, and having received no response to Plaintiff's latest set of written discovery requests, which at that point in time were nearly a month overdue, by letter dated April 22, 2014, counsel for Plaintiff requested that Defendant provide a full and complete response to the issues raised in her April 1, 2014 correspondence, and submit full and complete responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents Directed to Defendant, along with copies of all responsive documentation. A true and correct copy of Plaintiff's April 22, 2014 correspondence is attached hereto as **Exhibit G**.

27. By correspondence dated April 29, 2014, counsel for Defendant responded to Plaintiff's letters of April 1, 2014 and April 22, 2014. A true and correct copy of Defendant's April 29, 2014 correspondence is attached hereto as **Exhibit H**.

28. In his April 29, correspondence, counsel for Defendant asserted that Defendant "is under no obligation, and indeed will not undertake and obligation, to record and/or maintain a record of the revenue independent contractors earn in their business." *See* Exhibit H.

29. On May 5, 2014, Defendant provided its Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, a true and correct copy of which is attached hereto as **Exhibit I**.

30. Notwithstanding the fact that Defendant's discovery responses were served over a month late, Defendant objected to each and every Request for Production as being "not relevant to the gravamen of plaintiff's complaint and not reasonably calculated to lead to the discovery of admissible evidence," on the basis that "plaintiff and those she claims to represent are independent contractors." *See* Exhibit I.

31. By correspondence dated May 13, 2014, counsel for Plaintiff again attempted to confer with counsel for Defendant, in a good faith effort to resolve the parties' ongoing discovery disputes. A true and correct copy of Plaintiff's May 13, 2014 correspondence is attached hereto as **Exhibit J**.

32. Plaintiff's May 13, 2014 correspondence posited that rather than participating in the discovery process as mandated by the applicable rules of civil procedure and then evaluating the sufficiency of the evidence in light of the "economic reality" factors endorsed by the Third Circuit, Defendant had simply assumed the final conclusion in its favor, *i.e.*, that Plaintiff and her counterparts are independent contractors. Because this threshold question is not one Defendant can simply decide or presume, Plaintiff suggested that the parties conduct discovery in good faith, examine the relevant evidence, and submit the question to the Court and/or a jury. *See* Exhibit J.

33.     By letter dated May 23, 2014, counsel for Defendant declined Plaintiff's invitation to confer in good faith, and instead reiterated Defendant's position that no further discovery responses or responsive documentation would be provided.  A true and correct copy of Defendant's May 23, 2014 correspondence is attached hereto as **Exhibit K**.

## THIS COURT'S JUNE 30, 2014 OPINION

34.     In a Memorandum Opinion dated June 30, 2014, the Court denied Defendant's motion for Summary Judgment, concluding that "as a matter of economic reality … the [D]ancers at the Defendant's club are employees, not independent contractors."  The Court also granted Plaintiff's Motion for Conditional Certification under the Fair Labor Standards Act.  Lastly, finding the current factual record insufficient, the Court denied Plaintiff's Motion for Rule 23 Class Certification of her Pennsylvania State Law claims without prejudice to refile the Motion at the close of discovery.  (See Dkt. No. 45.).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order compelling Defendant to:  1) immediately produce the documents which Defendant has acknowledged exist, as set forth above;  2) respond to each of Plaintiff's outstanding discovery requests; and 3) immediately cease and desist from continuing to destroy any documentation or other tangible things which are potentially responsive to the same, and providing such other relief as this Court deems just and proper.

Dated:  August 6, 2014                                              Respectfully submitted,

By:  */s/ Gary F. Lynch*
Gary F. Lynch
glynch@carlsonlynch.com
Carlson Lynch LTD
PNC Park
115 Federal Street, Suite 2120
Pittsburgh, PA 15212
Phone:  (412) 322-9243
Fax:  (412) 231-0246

CONNOLLY WELLS & GRAY, LLP
Gerald D. Wells, III
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwg-law.com

**CERTIFICATION OF COMPLIANCE WITH**
**FED. R. CIV. P. 37(a)(2)(A) and LOCAL RULE 26.1(f)**

I hereby certify that counsel for Plaintiff has made reasonable and good faith efforts to resolve the discovery dispute underlying this Motion without Court action, but has been unable to do so.

*/s/ Gary F. Lynch*
Gary F. Lynch

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion to Compel Discovery* was electronically filed with the Court this 6th day of August, 2014.  All counsel of record may access the foregoing document via the Court's ecf/electronic filing system.

>                 */s/ Gary F. Lynch*
>                 Gary F. Lynch