UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIYA VERMA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>3001 CASTOR, INC., d/b/a THE PENTHOUSE CLUB and/or THE PENTHOUSE CLUB @ PHILLY,<br><br>Defendant | Civil Action No.: 13-cv-03034-AB |

**PLAINTIFFS' MOTION IN LIMINE (NO. 1) TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING AMOUNTS EARNED BY DANCERS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Named Plaintiff Priya Verma and the Opt-in Plaintiffs (collectively "Plaintiffs") by and through their undersigned counsel submit this Motion in Limine (No. 1) to Exclude Evidence and Argument Regarding Amounts Earned by Dancers and Memorandum of Law in Support Thereof.

**I.   INTRODUCTION**

There is no basis to allow Defendant to introduce documentary or testimonial evidence or present argument on the amount of money that Dancers earned from customers for their work at Defendant's club ("The Penthouse Club"), or at any other gentlemen's club. Such evidence would be highly prejudicial. More importantly, this Court has already ruled that Defendant paid its dancers no wages, in violation of the Fair Labor Standards Act ("FLSA"), and that any fees the dancers may have received from customers cannot be credited towards Defendant's minimum wage and overtime obligations.

Based on the deadlines set forth in this Court's Trial Scheduling Order of November 8, 2017, Plaintiffs are required to file their motions in limine prior to, or contemporaneous with, receipt of Defendant's pretrial memorandum.  Therefore, although Defendant has not yet provided Plaintiffs with a fulsome list of the evidence it intends to introduce at trial, Plaintiffs hereby seek an order excluding any evidence relating to money earned by Plaintiffs and any members of the Pennsylvania Class for their work as Dancers at The Penthouse Club or any other gentleman's club, as it has been ruled to be irrelevant to this case and its introduction to the jury would be highly prejudicial.

Although Defendant has not shared its complete exhibit list with Plaintiffs, Plaintiffs are aware of at least one exhibit that should be partially withheld from the jury in accordance with the order sought by Plaintiffs in the present motion.  Plaintiffs anticipate that they will introduce a spreadsheet created by Defendant bearing Bates Nos. 001636–1649 (the "spreadsheet exhibit") for the purpose of showing the shifts and hours worked by dancers and concomitant minimum wage damages.  This spreadsheet exhibit was previously submitted by Defendant to the Court on October 15, 2015 in support of a summary judgment motion at ECF Nos. 91-3 and 91-4. Plaintiffs intend to redact or obscure the four rightmost columns from the jury's view because those columns purportedly show Defendant's calculation of the tips/private dance income earned by dancers for purposes of demonstrating that the tip/private dance income offset Defendant's minimum wage obligations.  For the reasons described below, Plaintiffs object to the introduction of that evidence and the Court should sustain Plaintiffs' objection if Defendant attempts to introduce a version of the spreadsheet exhibit displaying the data in the four rightmost columns.

## II.     ARGUMENT

The amount of money received by any Dancers while working at The Penthouse Club is not relevant to any issue in this case, and thus should not be presented at trial pursuant to Fed. R. Evid. 402.  First, this Court has ruled that Defendant is not permitted to offset its obligations under the FLSA by any amounts that the dancers received from their customers.  *See Verma v. 3001 Castor, Inc.*, No. 13-3034, 2016 U.S. Dist. LEXIS 164026, at *17 (E.D. Pa. Nov. 29, 2016) ("if private dance fees are tips under the FLSA, they cannot be credited toward the Penthouse Club's minimum wage and overtime obligations."); *see id*. at *19 ("[T]he Penthouse Club cannot claim that private dance fees are service charges that can offset the Club's minimum wage and overtime obligations under the FLSA.").

Further, even if the Dancers' earnings were arguably relevant to Plaintiffs' claims, which they are demonstrably not, any probative value would be significantly outweighed by the risks of unfair prejudice or misleading the jury. Information relating to the dancers' earnings, none of which was actually paid by Defendant, could be easily misconstrued by the jury as somehow offsetting Defendant's obligation to pay the dancers minimum wages and overtime pay under the FLSA. In a similar action against an exotic nightclub brought under the FLSA and Maryland state laws, the Fourth Circuit recently held that a district court did not err by granting a motion in limine similar to this one.  Indeed, after determining at summary judgment that dancers were employees of the club, the district court barred the defendants from presenting evidence related to the plaintiffs' income taxes, performance fees, and tips because such evidence was irrelevant, and therefore not admissible under Fed. R. Evid. 402, or, even if relevant, was excludable under Fed. R. Evid. 403 due to the danger of misleading the jury and confusing the issues. *See McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 245–46 (4th Cir. 2016) (finding that tip credit

and offset were unavailable to the defendants, thus "the trial court correctly excluded evidence showing plaintiffs' earnings in the form of tips and performance fees.").

Accordingly, Plaintiff requests an order barring Defendant from presenting any evidence or making any argument regarding any money that the dancers earned from their work at The Penthouse Club or as dancers at any other gentleman's club.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court grant Plaintiff's Motion in Limine (No. 1). Defendant should be instructed not to elicit any testimony, or introduce any exhibits, purporting to show any money dancers received in connection with their work at the The Penthouse Club or any other gentleman's club, and Defendant should not be permitted to introduce a version of the spreadsheet exhibit that displays the four rightmost columns of the document.

Dated: February 5, 2018  Respectfully Submitted,

By: */s/ Gary F. Lynch*
Gary F. Lynch, Esq.
glynch@carlsonlynch.com
Pa. ID No. 56887
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(p) (412) 322-9243
(f) (412) 231-0246

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Phone: (610) 822-3700
Fax: (610) 822-3800

Attorneys for Plaintiffs

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 5th day of February 2018, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

*/s/ Gary F. Lynch*