IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRIYA VERMA, on behalf of herself and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 13-3034 |
| v. | : : | |
| 3001 CASTOR, INC., | : : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this _14TH__ day of March, 2018, it is **ORDERED** that:

- Defendant's Motion to Dismiss Count Five Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 155) and Defendant's Motion to Dismiss Count Six Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (ECF No. 156) are **DENIED** without prejudice as untimely.[1] Both Parties should be prepared to discuss and brief these issues if they are appropriately raised at trial.

- Defendant's Motion to Dismiss Counts Three, Four, Five, and Six Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 157) is **DENIED**.[2]

---

[1] Defendant was required to file any motions pursuant to Rule 12(b) before filing its answer. Fed. R. Civ. P. 12(b); *see* 5B C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 1357 (3d ed. 2008) ("If the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer."). Defendant filed its answer on August 9, 2013. *See* ECF No. 19. Defendant filed the present 12(b) motions on March 9, 2018 and March 11, 2018. *See* ECF Nos. 155-157. Defendant is over four and a half years late, and thus its motions are untimely.

[2] Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' state law claims. "[A]ny civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in

                                                  s/Anita B. Brody

                                                  _____

                                                  ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                  Copies **MAILED** on _____ to:

---

the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

      Here, the Court has original jurisdiction over Plaintiffs' federal Fair Labor Standards Act ("FLSA") claim under federal question jurisdiction. *See* 28 U.S.C. § 1331. The FLSA claim relates to the employment of exotic dancers at Defendant The Penthouse Club and to the question of whether those dancers were paid adequate wages as required by law. The Plaintiffs' state law claims raise essentially identical issues with the only difference being the addition of claims to recover mandatory tip outs that they paid Defendant. Therefore, the state law claims are part of the same case or controversy as the FLSA claim. This Court has supplemental jurisdiction over the state law claims. *See, e.g.*, *Moon v. Breathless Inc*, 868 F.3d 209, 212 (3d Cir. 2017).