UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIYA VERMA, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ) 3001 CASTOR, INC., d/b/a/THE PENTHOUSE ) CLUB and/or THE PENTHOUSE CLUB @ ) PHILLY ) ) Defendant. ) | Civil Action No.: 2:13-cv-03034-AB |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF DEFENDANT'S MOTION TO DISMISS COUNTS THREE, FOUR, FIVE & SIX OF PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1)**

Defendant 3001 Castor, Inc., submits the following motion for reconsideration of Defendant's motion to dismiss Counts Three, Four, Five and Six of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction.

This Court's initial rulings were issued prior to the settlement reached by the Parties. This Court has inherent power to grant reconsideration when it is justified.

**I. Pennsylvania Laws Defendant Seeks to Have Dismissed.**

Plaintiff's Counts Three and Four are bought pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. §333.101 *et seq.;* Count Five is brought pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. §206.1 *et seq.* and Count Six is brought pursuant to the Pennsylvania common law of Unjust Enrichment.

## II. Third Circuit Cases Addressing Appropriateness of Exercising Supplemental Jurisdiction: *De Asencio v. Tyson Foods, Inc.* & *Knepper v. Rite Aid Corporation*

This Honorable Court has ruled that Plaintiff's state law claims raise essentially identical issues with the only difference being the addition of claims to recover mandatory tip outs that they paid Defendant; therefore the state law claims are part of the same case or controversy as the FLSA claim and accordingly this Court has supplemental jurisdiction over the state law claims.

In *Knepper v. Rite Aid Corporation,* 675 F. 3d 249 (3d Cir. 2012), Circuit Judge Scirica, in discussing the application of supplemental jurisdiction over state law claims, cited the Third Circuit's opinion in *De Asencio v. Tyson Foods, Inc.* 342 F.3d 301 (3d Cir. 2003). As Circuit Judge Scirica stated, the Third Circuit determined that the *De Asenciao* trial court had abused its discretion by exercising supplemental jurisdiction over an opt-out class action based upon Pennsylvania wage law filed together with an opt-in class action under the FLSA.

Circuit Judge Scirica explained that the Third Circuit's decision was grounded in the requirements of 28 U.S.C. § 1367(c), particularly the provisions that the district court may decline jurisdiction over a state-law claim when it "raises a novel or complex issue of State law" or when it "substantially predominates" over the federal claim. The Third Circuit concluded that the presence of two novel state-law issues together with the extremely large state-law class in comparison to the FLSA opt-in class did not satisfy the requirements of 28 U.S.C. §1367(c) and consequently the Third Circuit concluded that supplemental jurisdiction was unavailable because "the federal action is an appendage to the more comprehensive state action." *Id.*

The case this Court is now confronted with has the very same state-law claim that "raises a novel or complex issue of State law," - the WPCL. *De Asencio* pointed out that the Pennsylvania courts have not addressed (1) whether a WPCL action may rest on an implied employment contract that relies on alleged oral representations by company managers; and (2) whether the WPCL pertains to at will, non-collective bargaining employees. *De Asencio* at 311. The *De Asencio* court stated the need to resolve these issues were better left to the Pennsylvania state courts and formed the basis to decline supplemental jurisdiction.

The *De Asencio* court also stated that whether the allegations of an implied employment contract run to the entire WPCL class is also in dispute and would implicate the predominance inquiry of FRCP 23(b)(3):

> In cases involving implied contracts of employment, the litigant will be able to reach the jury only if he can clearly show that he and the employer intended to form a contract.

*DiBonaventura v. Consolidated Rail Corp.,* 372 Pa.Super. 420, 539 A.2d 865,868 (1988).

Plaintiffs are seeking substantial sums of money pursuant to their WPCL claim. They have told the Court that they look to the WPCL for liquidated damages and damages for alleged mandatory "tip-outs." Plaintiffs, under the WPCL, will have to *clearly* show that each of the 353 *opt-out class members* and the employer intended to form a contract. Doing so is particularly difficult as the Plaintiff has failed to plead the existence of *any* contract, expressed or implied.

A claim under the WPCL "does not provide relief due under state or federal law," as opposed to wages due to an employee under a *contract* with an employer. *Lehman v. Legg Mason, Inc.* 532 F.Supp. 2d 726, 734 (M.D. Pa. 2007) (dismissing a WPCL claim which relied on the FLSA and the PMWA as a source for the obligation of the defendant to pay wages, instead of a contract); *see also Scott v. Bimbo Bakeries, Inc.,* 2:10-cv-03154, 2012 U.S. Dist. LEXUS 26106, at *16-18(E.D. Pa. Feb. 29, 2012)(dismissing a WPCL claim in which the only basis for the obligation to pay wages were FLSA and PMWA claims).

The Third Circuit in *De Asencio* stated, "[h]ere the inordinate size of the state-law class, the different terms of proof required by the implied contract state-law claim, and the general federal interest in opt-in wage actions suggest the federal action is an appendage to the more comprehensive state action." *De Asencio* at 312.

Similarly, Plaintiff's state law claim for unjust enrichment involves an opt-out class of 353 individuals versus 22 opt-ins from the FLSA. Pennsylvania's common law of unjust enrichment does not create the substantive rights that had been allegedly violated. The Third Circuit, in *Knepper v. Rite Aid Corporation,* 675 F. 3d 249 (3d Cir. 2012), *approvingly referencing Anderson v. Sara Lee Corp.,* 508 F.3d 181 (4th Cir. 2007), noted that Plaintiff "rel[ies] on the FLSA for [it's] rights, and invoke[s] state law only as a source of remedies for the alleged FLSA violations." The Third Circuit described the Fourth Circuit's holding in *Anderson,* as the "court sensibly declin[ing] to allow the plaintiffs to use state non-labor laws to enforce the substantive provisions of the FLSA, analogizing their decision to an earlier holding that plaintiffs could not enforce their FLSA rights through a §1983 action." *Anderson*, 508 F.3d at 193-94.

In addition to the fact that Pennsylvania's common law of unjust enrichment does not create the substantive rights that had been allegedly violated, the Third Circuit has found it:

> "sufficient to note that mandating an opt-in class or an opt-out class is a crucial policy decision. Congress has selected an opt-in class for FLSA actions."

*De Asencio* at 311.

The foregoing fact, together with the 16 to one disparity of state law opt-out members to FLSA opt-in members "transform(s) the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." *Id.* The state law unjust enrichment claim "substantially predominates" over the federal claim and does not constitute the same case or controversy as the FLSA claim.

The exercise of supplemental jurisdiction in this case entails the trial Court's confronting the issue of liquidated damages under Pennsylvania law. The FLSA provides for liquidated damages. The Pennsylvania PMWA and the WPCL both provide for liquidated damages. An unaddressed issue in the Commonwealth of Pennsylvania is whether an individual who has received liquidated damages under the FLSA can collect additional liquidated damages from claims pursuant to the PMWA and/or the WPCL. The Third Circuit, Pennsylvania's courts and the Pennsylvania Legislature have not addressed this question.

The issue has arisen in the State of New York and the Second Circuit has addressed it. *Chowdhury v. Hamza Express Food Corp.,* 666 F.Appx 59, 12/7/2016. The New York Labor Law ("NYLL") is silent as to whether it provides for liquidated damages in cases where liquidated damages are also awarded under the FLSA. The Second Circuit viewed the question before it as, under the circumstances does the NYLL countenance the recovery of treble damages

(up to 200 percent in liquidated damages in addition to any underlying wage liability).  The Second Circuit concluded had the New York State legislature intended to provide liquidated damages award under the NYLL, it would have done so explicitly in view of the fact that a double recovery is generally disfavored where another source of damages remedies the same injury for the same purpose.  *Cf. Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 715 (1945); *Reilly v. Natwest Mkts. Grp. Inc.,* 181 F.3d 253, 265 (2nd Cir. 1999).

Again, a significant issue is raised by a lawsuit/trial involving a 353 member opt-out class action based upon Pennsylvania wage law filed together with a 22 member opt-in class action under the FLSA.

Defendant respectfully requests this Honorable Court reconsider exercising supplemental jurisdiction in this action.

Dated: March 16, 2018                                  Respectfully submitted,
                                                                                *John F. Innelli*
                                                                                John F. Innelli, Esquire
                                                                                JOHN F. INNELLI, LLC
                                                                                Two Penn Center, Suite 1300
                                                                                1500 John F. Kennedy Boulevard
                                                                                Philadelphia, Pa. 19102
                                                                                jinnelli@innellilaw.com
                                                                                (267) 538-1200

## CERTIFICATE OF SERVICE

  I hereby certify that on March 16, 2018, a true and correct copy of the foregoing document has been filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

                *John F. Innelli*
                John F. Innelli, Esquire