IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRIYA VERMA, on behalf of herself and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 13-3034 |
| v. | : : | |
| 3001 CASTOR, INC., | : : | |
| Defendant. | : | |

**EXPLANATION AND ORDER**

In 2013, Plaintiff Priya Verma, on behalf of herself and all others similarly situated, filed this action against Defendant 3001 Castor, Inc. ("Castor"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1, *et seq.*, and Pennsylvania common law. On the FLSA claims, Verma pursued a collective action pursuant to 29 U.S.C. § 216(b). On the state law claims, Verma pursued a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

After the close of discovery, the case was scheduled for trial. Right before trial, the parties settled the FLSA claims for $109,000. Jury Trial (Day 1) Tr. 7:6-8:1, ECF No. 201. At trial, the jury returned a verdict awarding the class $2,610,322.61 for its minimum wages claims under the PMWA and $1,948,400.12 for its unjust enrichment claims. Verdict Sheet, ECF No. 170. Thereafter, Verma filed a motion for attorneys' fees and costs. Castor then filed a notice of appeal. Before ruling on Verma's motion for attorneys' fees and costs, the Court placed the case in suspense pending the outcome of Castor's appeal. On August 30, 2019, the Court of Appeals for the Third Circuit affirmed the challenged rulings of this Court and sustained the jury's

verdict. The Court now addresses Verma's motion for attorneys' fees and costs.

Verma seeks statutory attorneys' fees in the amount of $923,330.00 and costs in the amount of $79,442.94 pursuant to the FLSA and PMWA. "Under the FLSA, an award of reasonable attorneys' fees to a prevailing plaintiff is mandatory and unequivocal: 'The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Saddler v. Pennsbury Racquet & Athletic Club LLC*, No. 16-1301, 2016 WL 7028078, at *2 (E.D. Pa. Nov. 30, 2016) (quoting 29 U.S.C. § 216(b)). The PMWA also provides a prevailing party "with costs and such reasonable attorney's fees as may be allowed by the court." 43 Pa. Stat. § 333.113.

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is referred to as the "lodestar."[1] *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005). Once the petitioner submits evidence of the hours worked and the rates claimed, the burden then shifts to the party opposing the fee petition to challenge the reasonableness of the requested fee.

---

[1] In analyzing a fee petition regarding a Pennsylvania wage and hour claim, "[t]he court must consider the factors set forth in Pa.R.C.P. 1716 in calculating the lodestar." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 975 (Pa. Super Ct. 2011). Rule 1716 was subsequently renumbered to Rule 1717 and provides:

> In all cases where the court is authorized under applicable law to fix the amount of counsel fees it shall consider, among other things, the following factors:
> (1) the time and effort reasonably expended by the attorney in the litigation;
> (2) the quality of the services rendered;
> (3) the results achieved and benefits conferred upon the class or upon the public;
> (4) the magnitude, complexity and uniqueness of the litigation; and
> (5) whether the receipt of a fee was contingent on success.

Pa.R.C.P. No. 1717.

*Rode*, 892 F.2d at 1183.  "The district court cannot decrease a fee award based on factors not raised at all by the adverse party."  *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 150 (3d Cir. 2009) (quoting *Rode*, 892 F.2d at 1183).

Verma has provided evidence of the reasonable hours worked and the billing rates claimed by her attorneys.[2]  The only challenge that Castor raises to the fee petition is to the amount of the hourly billing rate for the attorneys at Connolly Wells & Gray, LLP (the "Firm") from May 10, 2013 through December 31, 2017.  Because Castor raises no other challenges to the fee petition, and a district court cannot consider challenges to a fee award that are not raised by the adverse party, the only issue to address is whether the attorneys properly billed at the $600/hour rate for the time period from May 10, 2013 through December 31, 2017.

From May 10, 2013 through December 31, 2017, the attorneys at the Firm had an hourly billing rate of $550/hour.  On January 1, 2018, the hourly billing rate for the Firm increased to $600/hour.  Castor contends that the fee petition should have been calculated using the $550/hour billing rate for the time period from May 10, 2013 through December 31, 2017 rather than the $600/hour rate.  The Third Circuit, however, has unequivocally stated: "When attorney's fees are awarded, the current market rate must be used.  The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed."  *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001) (citations omitted).  Therefore, Verma's fee petition properly applied the Firm's current hourly billing rate of $600/hour for the hours that the Firm's attorneys spent on the litigation.

Because Castor does not raise any other challenge to Verma's fee petition, I grant Verma's motion for attorneys' fees and costs.

---

[2] In addition, Verma has provided evidence to demonstrate that the factors set forth in Pennsylvania Rule 1717 support a grant of the fee petition.

## ORDER

**AND NOW**, this 19th _ day of November, 2019, it is **ORDERED** that Plaintiff's Motion for an Award of Statutory Attorneys' Fees and Costs (ECF No. 182) is **GRANTED**. Defendant is ordered to pay attorneys' fees in the amount of $923,330.00 and costs in the amount of $79,442.94. Specifically, the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP is awarded $407,210.00 in attorneys' fees and $62,355.81 in costs. The law firm of Connolly Wells & Gray, LLP is awarded $516,120.00 in attorneys' fees and $17,087.13 in costs.

**s/Anita B. Brody**

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on  11/20/2019